IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDUARD HERRERA CARVAJAL,             :
      *Petitioner,*                    :
                                      :
      v.                              :   CIVIL NO. 26-2804
                                      :
JAMAL L. JAMISON et al.,             :
      *Respondents.*                   :
                                      :

Scott, J.                                                        **May 1, 2026**

**MEMORANDUM**

Petitioner Eduard Herrera Carvajal filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release.  ECF No. 1 at 17 [hereinafter Pet.].  Mr. Herrera Carvajal alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act, and his Due Process rights.  *Id.* ¶ 4.

Mr. Herrera Carvajal is a 27-year-old noncitizen from Venezuela.  Pet. ¶ 1.  He entered the United States in 2023.  *Id*. ¶ 17.  After he entered the country, United States Department of Homeland Security officers detained and processed him, initiated removal proceedings, and later released him.  *Id*. ¶ 18.  Mr. Herrera Carvajal proceeded to live in Philadelphia with his partner and young child.  *Id.*  On April 24, 2026, ICE took Mr. Herrera Carvajal into custody while he was washing his car outside his home with his son.  *Id.* ¶ 21.  The agents "arrested him by throwing him on the hood of his car, hitting his ribs and throwing his knee over his head."  *Id.*  ICE then placed him in custody at the Philadelphia Federal Detention Center.  *Id.* ¶ 22.

On the Government's view, Mr. Herrera Carvajal is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt

entitled to be admitted, the alien shall be detained for a proceeding under section 1229a[.]"  ECF No. 5 at 5-6 [hereinafter Gov't Resp.].   Mr. Herrera Carvajal challenges the Government's interpretation, instead arguing that his detention violates the INA and that the relevant statutory framework is that of § 1226(a).  Pet. at 5-8, 12.

The Government argues, unconvincingly, that Mr. Herrera Carvajal is detained under § 1225(a)(1) and § 1225(b)(2) because he is, on the Government's view, an "applicant for admission."  Gov't Resp. at 5-6.  As the Government acknowledges, however, the law in this District does not support its position.  *See* Gov't Resp. at 6 (noting that "all courts in this district (and many more elsewhere) have reasoned that § 1225(b)(2)(A) requires that an 'applicant for admission' be actively 'seeking admission' at or near the border to fall within its scope."). Moreover, Mr. Herrera Carvajal has been in the United States with his family for years, thus it strains credulity to consider him an "arriving alien" as the Government insists.  *See, e.g.*, *Bhatia v. O'Neill*, 2025 WL 3530075, at *2 (E.D. Pa. Dec. 9, 2025) ("The unambiguous plain meaning of an 'applicant for admission' who is 'seeking admission' is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States."). Accordingly, the Court rejects the Government's argument that § 1225 applies here.

For the same reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Mr. Herrera Carvajal's detention violates the INA.  2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 W 3171639 (E.D. Pa. Nov. 13, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

This Court therefore grants Mr. Herrera Carvajal's request for immediate release, given

that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests Mr. Herrera Carvajal is a harm to the community or a flight risk. Moreover, ICE is enjoined from detaining Mr. Herrera Carvajal under 8 U.S.C. § 1226(a) for seven days following his release.

BY THE COURT:

/S/ Kai N. Scott

**HON. KAI N. SCOTT**
**United States District Court Judge**